OSCAR F. G. MEGIE AND ANSOLUM B. DECKER, RELATORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MORRIS, RESPONDENTS.

Submitted December 6, 1912—Decided March 3, 1913.

To an alternative *mandamus* requiring the board of chosen freeholders of the county of Morris, to erect and construct a bridge over and across the waters of Lake Hopatcong, as a part of a public highway recently laid out, the respondent by its return set up that the bridge extended over and across an arm of Lake Hopatcong which was navigable waters. To this return the relators filed a demurrer thereby admitting that the proposed bridge would cross navigable waters. *Held*, that under the statute approved March 28th, 1892 (*Pamph. L.*, p. 308), and the amendment thereto (*Pamph. L.* 1906, p. 93), a board of chosen

freeholders is not compelled to bridge navigable waters. It may do so if it determines that it is advisable, and as in the return it sets up that it has considered the matter and decided that the utility and necessity of the bridge was not required, it is not compellable to build it.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the relators, *King & Vogt.*

For the respondents, *George G. Runyon.*

The opinion of the court was delivered by

BERGEN, J. The board of chosen freeholders of the county of Morris, being called upon to build a bridge over part of Lake Hopatcong, refused to comply, and thereupon the relators caused to be issued an alternative writ of *mandamus.* This writ sets out that the surveyors of the highways of the county of Morris laid out a public highway, which for part of its length is laid over and across the waters of Lake Hopatcong lying between Henderson Point on the mainland and Raccoon island in said lake; that the waters of Lake Hopatcong where the road is laid out are impassable except by boat and that unless a bridge is erected the road will be of no practical use or benefit, and will be incapable of being used; that an application was made in due form to the respondents to provide a bridge so as to make the road passable. Upon due service of the writ of *mandamus,* the respondent made its return, in which it set up many reasons why it should not be required to erect the bridge, but the only part of the return which is necessary to be considered in disposing of this case is that the distance across the lake from Henderson Point to Raccoon island along the centre line of the road is seven hundred and twenty-three and eighty-two hundredths feet, excluding all necessary bridge approaches, and that the arm of the lake

at said point is navigable. The respondent further returns that it has duly considered the matter in the exercise of the discretion, which by the statute in such case made and provided, is reposed in it, and decided, and by way of return to the said writ, respectfully says, that the utility and necessity of the bridge required is not such as to justify the erection thereof.

To this return the relators have filed a demurrer. As the return expressly avers that the arm of the lake, over which the respondent is asked to build the bridge, is navigable, the demurrer admits that fact. The only statute applicable to the present situation is entitled "An act to enable the boards of chosen freeholders of any of the several counties of this state, to construct and reconstruct bridges over and across navigable rivers or streams therein, in certain cases, and providing for the regulation thereof." *Pamph. L.* 1892, *p.* 308; as amended in 1906. *Pamph. L., p.* 93. The first section of this act provides that whenever it shall be necessary or advisable to erect a bridge over and across a navigable stream or river in said county, or whenever any draw, or other bridge of said county under the operation and control of the board of chosen freeholders thereof, which extends over and across any navigable river or stream in such county, shall be in a state of dilapidation, or unsuitable for the purpose, and *such board shall deem* the erection of a bridge or the reconstruction of the old bridge or the construction of a new bridge to take the place of such bridge in such state of decay, a *public necessity,* and shall so declare at a regular meeting, adopted by an affirmative vote of not less than a majority of all the members of such board, then the board may, by resolution, to be adopted in like manner, order and provide for and proceed with the erection of such bridge.

The second section provides for the issuing of bonds to defray and meet the cost and expense of such a bridge.

The fifth section repealed all acts and parts of acts inconsistent with the provision of the act.

We think that under the law that the respondent is not required to bridge the navigable parts of Lake Hopatcong. It may do so if it determines that it is advisable, but there is no statute which compels it to be done. The legislature could not have had in mind when it required the county to provide bridges necessary for the use of the public highways, that such obligation extended to providing bridges with draws for navigable waters. The respondent is entitled to have the demurrer overruled.